UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 21-cv-4057 |
| BNSF RAILWAY COMPANY, | ) ) ) |
| Defendant. | ) ) |

## STIPULATION OF SETTLEMENT

*WHEREAS*, the United States of America, acting at the request of the Administrator of the U.S. Environmental Protection Agency ("EPA"), has filed a complaint for civil penalties (the "Complaint") simultaneously with this Stipulation of Settlement, alleging that BNSF Railway Company ("BNSF") violated Section 311 of the Clean Water Act (the "Act"), 33 U.S.C. § 1321, by discharging oil into and upon the Rock River, Little Rock River, and Burr Oak Creek and/or their adjoining shorelines near Doon, Iowa;

*WHEREAS*, a train operated by BNSF traveling from Alberta, Canada to Stroud, Oklahoma derailed while carrying heavy crude oil on June 22, 2018 and discharged oil to the environment (the "Oil Discharge");

*WHEREAS*, the United States and BNSF (the "Parties") agree that it is in the public interest to resolve this matter without litigation and have negotiated this Stipulation of Settlement in good faith to avoid expensive and protracted litigation;

1

*NOW THEREFORE*, without adjudication or admission of any issue of fact or law, and without any admission of liability by BNSF, the Parties, by and through the undersigned, agree and stipulate as follows:

  A.  For purposes of this Stipulation of Settlement, or any action to enforce it, this Court has jurisdiction over the subject matter of this action under 33 U.S.C. § 1321(b)(7)(E) and (n), and 28 U.S.C. §§ 1331, 1345, and 1355, and venue is proper in this District under 33 U.S.C. § 1321(b)(7)(E) and 28 U.S.C. §§ 1391(b) and 1395(a), because it is a judicial district in which BNSF conducts business and the judicial district in which the Oil Discharge occurred.

  B.  For purposes of this Stipulation of Settlement, or any action to enforce it, BNSF consents to the Court's jurisdiction and consents to venue in this judicial district.

  C.  For purposes of this Stipulation of Settlement, or any action to enforce it, BNSF agrees that the Complaint states a claim upon which relief may be granted under Section 311 of the CWA, 33 U.S.C. § 1321.

  D.  The obligations of this Stipulation of Settlement apply to and are binding upon the United States, BNSF, and BNSF's successors. Any change in BNSF's ownership or corporate status shall not alter its obligations hereunder.

  E.  After entry by the Court of this Stipulation of Settlement, and not more than thirty (30) days after receiving the payment instructions described in Paragraph F below, BNSF shall pay to the United States the sum of $1,513,750 as a civil penalty, together with interest accruing from the date on which this Stipulation of Settlement is entered by the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of entry.

  F.  BNSF shall pay the civil penalty due by FedWire Electronic Funds Transfer to the U.S. Department of Justice account, in accordance with instructions provided to BNSF by the

Financial Litigation Unit of the U.S. Attorney's Office for the Northern District of Iowa (the "FLU") after entry by the Court of this Stipulation of Settlement. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which BNSF shall use to identify all payments required to be made in accordance with this Stipulation of Settlement. Such monies are to be deposited in the Oil Spill Liability Trust Fund under 33 U.S.C. § 1321(s) and 26 U.S.C. § 9509(b)(8). The FLU will provide the payment instructions to:

> Brooke L. Gaede, Esq. (Senior General Counsel)
> BNSF Railway Company
> 2500 Lou Menk Drive – AOB-3
> Fort Worth, TX 76131-2828
> Brooke.Gaede@BNSF.com

With a copy to:

> Peter S. Strassner, Esq. (Partner)
> Thompson Coburn, LLP
> One US Bank Plaza
> St. Louis, MO 63101
> pstrassner@thompsoncoburn.com

on behalf of BNSF. At the time of payment, BNSF shall send notice that payment has been made to the United States, EPA, and the U.S. Coast Guard's National Pollution Funds Center ("NPFC") via email and regular mail at the following addresses.

| | |
|---|---|
| **As to the United States by email:** | eescdcopy.enrd@usdoj.gov<br>Re: DJ # 90-5-1-1-11746/1 |
| **As to the United States by mail:** | EES Case Management Unit<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br>P.O. Box 7611 Ben Franklin Station<br>Washington, D.C. 20044-7611<br>Re: DJ # 90-5-1-1-11746/1 |
| **As to EPA by email:** | cinwd_acctsreceivable@epa.gov<br>barton.kasey@epa.gov |

3

| | |
|---|---|
| **As to EPA by mail:** | EPA Cincinnati Finance Office<br>26 W. Martin Luther King Drive<br>Cincinnati, Ohio 45268 |
| **As to the NPFC by mail:** | National Pollution Funds Center<br>U.S. Coast Guard Stop 7605<br>2703 MLK Jr. Avenue, SE<br>Washington D.C. 20593-7605 |

Such notice shall state that the payment is for the civil penalty owed pursuant to the Stipulation of Settlement in *United States v. BNSF Railway Company*, and shall reference the civil action number, CDCS Number, and DOJ case number 90-5-1-1-11746/1.

      G.      In the event that BNSF does not comply with the payment obligation of Paragraph E above, BNSF shall pay a stipulated penalty to the United States in the amount of two thousand five hundred dollars ($2,500) per day for each day that payment of the civil penalty is delinquent under Paragraph E above. Stipulated penalties shall be paid in the same manner as that provided for in Paragraph F above for payment of the civil penalty. Further, interest shall accrue on the unpaid balance of stipulated penalties in accordance with 28 U.S.C. § 1961 commencing on the date that such penalties are due and continuing until paid. Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for BNSF's failure to pay any stipulated penalties. If the payment specified in Paragraph E is not made when due, then, in addition to other remedies herein, the United States reserves the right to move this Court to vacate this Stipulation of Settlement and reinstate this action.

      H.      Within ten (10) business days of receipt of all amounts due under this Stipulation of Settlement, the United States shall file a notice with the Court that full payment has been made.

4

Case 5:21-cv-04057   Document 2-1   Filed 12/16/21   Page 4 of 12

I. Effective upon BNSF's payment of the civil penalty identified in Paragraph E above, and any stipulated penalties and interest required by Paragraph G above, this Stipulation of Settlement shall constitute a complete settlement and shall be in full satisfaction of the United States' claim alleged in the Complaint through the date of lodging, and of any claim that the United States has under Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), for violations of Section 301 of the Clean Water Act, 33 U.S.C. § 1311, relating to the Oil Discharge. This Stipulation of Settlement is limited to the civil claim that is expressly alleged in the Complaint and any claim that the United States has under Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), for violations of Section 301 of the Clean Water Act, 33 U.S.C. § 1311, relating to the Oil Discharge. This Stipulation of Settlement is not intended to, nor shall it be construed to, operate in any way to resolve any civil claims other than those expressly described above in this Paragraph or to resolve any criminal liability of BNSF.

J. Nothing in this Stipulation of Settlement shall be construed to release BNSF or its agents, successors, or assigns from their respective obligations to comply with any applicable federal, state, or local law, regulation, or permit. Nothing contained herein shall be construed to prevent or limit the United States' rights to obtain penalties or injunctive relief under the CWA, 33 U.S.C. § 1251 *et seq.*, or any other law, for other alleged violations.

K. Civil penalties and any stipulated penalties paid pursuant to this Stipulation of Settlement are not deductible by BNSF or any other person for federal, state, or local tax purposes.

L. This Stipulation of Settlement shall be filed with the Court concurrently with the United States' Complaint. BNSF consents to the entry of this Stipulation of Settlement without further notice and agrees not to withdraw from or oppose its entry by the Court or to challenge

any provision herein, unless the United States has notified BNSF in writing that it no longer supports entry of this Stipulation of Settlement. This Stipulation of Settlement shall be null and void if the Court expressly declines to enter it.

M. The Court shall retain jurisdiction for the purposes of interpreting and enforcing this Stipulation of Settlement through the date that payment is made in accordance with the provisions herein.

N. Upon entry by the Court, this Stipulation of Settlement shall be considered an enforceable judgment solely for the purposes of post-judgment collection of any unpaid civil and/or stipulated penalties and interest referred to in Paragraphs E, F, and G above, in accordance with Rule 69 of the Federal Rules of Civil Procedure; the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3008; and any other applicable statutory authority, without further order of this Court. In the event that all or any portion of the civil penalty amount referred to in Paragraph E above is not paid in accordance with the provisions of this Stipulation of Settlement, BNSF shall be liable for attorneys' fees and costs incurred by the United States in collecting any amounts due thereunder.

O. Nothing in this Stipulation of Settlement creates, nor shall it be construed as creating, any rights or claims in favor of any person not a party to this Stipulation of Settlement.

P. This Stipulation of Settlement may not be used by any person not a party to this Stipulation of Settlement.

Q. Except as to the civil claims expressly resolved in this Stipulation of Settlement in Paragraph I above, in any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, or other appropriate relief relating to BNSF's operations, BNSF shall not assert, and may not maintain, any defense or claim based upon the

principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case.

R. The undersigned representatives of BNSF, the Chief or Deputy Chief of the Environmental Enforcement Section at the U.S. Department of Justice, the Acting Assistant Administrator of EPA's Office of Enforcement and Compliance Assurance, and the Regional Counsel of EPA Region 7 certify that each is fully authorized to enter into the terms and conditions of this Stipulation of Settlement and to bind legally the party that each represents to this document.

S. BNSF hereby agrees to accept service of the Complaint in this matter from the United States by electronic mail and first class mail directed to:

> Brooke L. Gaede, Esq. (Senior General Counsel)
> BNSF Railway Company
> 2500 Lou Menk Drive – AOB-3
> Fort Worth, TX 76131-2828
> Brooke.Gaede@BNSF.com

With a copy to:

> Peter S. Strassner, Esq. (Partner)
> Thompson Coburn, LLP
> One US Bank Plaza
> St. Louis, MO 63101
> pstrassner@thompsoncoburn.com.

BNSF hereby agrees to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons with the Complaint.

T. BNSF shall not be required or obligated to file an Answer to the Complaint of the United States unless or until the Court expressly declines to enter this Stipulation of Settlement.

In the event that the Court does not enter the Stipulation of Settlement prior to the time that BNSF's Answer is due, the United States agrees to support a motion by BNSF for additional time pending the Court's entry of the Stipulation. If the Court expressly declines to enter the Stipulation, it is agreed that BNSF will have a reasonable period of time, not to exceed twenty-one (21) days, in which to answer or otherwise plead.

    U.    BNSF consents to entry of this Stipulation of Settlement without further notice.

    V.    Except as set forth in Paragraph N of this Stipulation of Settlement, each party shall bear its own costs and attorneys' fees in this action.

    W.    There are no separate agreements or understandings with respect to this matter that have not been set forth in this Stipulation of Settlement.

    X.    This Stipulation of Settlement may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

*Signature Page for Stipulation of Settlement in United States v. BNSF Railway Company*

**FOR THE UNITED STATES:**

DATED: 12/15/21        *Nathaniel Douglas*
NATHANIEL DOUGLAS
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

DATED: 12/15/21        *Genevieve Parshalle*
GENEVIEVE PARSHALLE
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
genevieve.parshalle@usdoj.gov
Telephone: (202) 514-2445

DATED: 12/15/21        *John Broderick*
JOHN BRODERICK
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
john.broderick@usdoj.gov
Telephone: (202) 305-0302

*Signature Page for Stipulation of Settlement in United States v. BNSF Railway Company*

**FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY**

DATED: _____  _____

LAWRENCE STARFIELD
Digitally signed by LAWRENCE STARFIELD
Date: 2021.12.14 23:45:39 -05'00'

LAWRENCE E. STARFIELD
Acting Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency


ROSEMARIE KELLEY
Director
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency


MARK POLLINS
Director
Water Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency


KELLY ANN KACZKA BRANTNER
Attorney-Advisor
Water Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency

*Signature Page for Stipulation of Settlement in United States v. BNSF Railway Company*

**FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY REGION 7**

DATED: _____

EDWARD CHU
Digitally signed by EDWARD CHU
Date: 2021.12.02 18:37:14 -06'00'

EDWARD H. CHU
Acting Regional Administrator
U.S. Environmental Protection Agency
Region 7
11201 Renner Boulevard
Lenexa, KS 66219

DATED: _____

LESLIE HUMPHREY
Digitally signed by LESLIE HUMPHREY
Date: 2021.12.03 11:39:33 -06'00'

LESLIE HUMPHREY
Regional Counsel
U.S. Environmental Protection Agency
Region 7
11201 Renner Boulevard
Lenexa, KS 66219

DATED: _____

KASEY BARTON
Digitally signed by KASEY BARTON
Date: 2021.12.03 11:44:03 -06'00'

KASEY BARTON
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 7
11201 Renner Boulevard
Lenexa, KS 66219

*Signature Page for Stipulation of Settlement in United States v. BNSF Railway Company*

**FOR BNSF RAILWAY COMPANY**

DATED: 11\8\2021

_____
ROGER P. NOBER
Executive Vice President, Law and Corporate
Affairs, Chief Legal Officer
BNSF Railway Company
2650 Lou Menk Drive
Fort Worth, TX 76131

12

Case 5:21-cv-04057   Document 2-1   Filed 12/16/21   Page 12 of 12